Daniel M. Cislo, Esq., No. 125,378
dan@cislo.com
David B. Sandelands, Esq. No. 198,252
david@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 979-9190
Telefax: (310) 394-4477

John T.D. Bathke, IL Bar No. 6305438 (Admission *Pro Hac Vice* pending)
4541 North Prospect Road
Suite 300A
Peoria Heights, Illinois 61616
(309) 834-2296

Attorneys for Plaintiff
PRN Health Services, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRN Health Services LLC,<br><br>Plaintiff,<br><br>v.<br><br>Sublime Health Solutions, LLC,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT; AND**<br><br>**(2) FALSE DESIGNATION OF ORIGIN;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PRN Health Services LLC, through counsel, complains of Defendant, Sublime Health Solutions, LLC.

### INTRODUCTION

1. Plaintiff brings this action to protect the substantial goodwill Plaintiff has in it its distinctive PRN word mark ("PRN Mark").

2. For decades, Plaintiff has offered high-quality healthcare agency placement services under its PRN Mark, and as a result has gained an excellent reputation in this industry.

3. Unfortunately, the goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendant's actions.

4. Defendant uses the mark StaffPRN, ("Defendant's Mark"), to sell competing services to many of the same consumers served by Plaintiff.

5. Defendant's Mark is confusingly similar to Plaintiff's PRN Mark, and unless Defendant is enjoined from using Defendant's Mark, Plaintiff will continue to suffer irreparable harm.

6. This action seeks injunctive relief, damages and other relief arising from Defendant's willful acts of trademark infringement and unfair competition.

///
///
///

## PARTIES

7. PRN is a limited liability company organized and existing under the laws of Wisconsin, with a principal place of business in Appleton, Wisconsin.

8. Defendant is located in Orange County, California at the following address: 2414 S Fairview St., Suite 215, Santa Ana, CA 92704.

## JURISDICTION AND VENUE

9. This is an action for infringement of a federally registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

10. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

11. This Court also has personal jurisdiction over the Defendant.

12. Defendant is located in California and this District.

13. Defendant offers its services under the Defendant's Mark in California and this District, notably through Defendant's interactive website at the following domain: staffprn.com.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, i.e. Defendant is subject to this Court's personal jurisdiction with respect to this civil action.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's rights in the PRN Marks

15. For decades, Plaintiff has used its PRN Mark in connection with healthcare staffing agency and related services, including temporary nursing services ("Plaintiff's Services").

16. Plaintiff owns U.S. Trademark Registration No. 1242392 for the PRN Mark in connection with temporary nursing services ("Plaintiff's Trademark Registration"), which was issued June 14, 1983, attached hereto as Exhibit 1 (retrieved on November 11, 2024).

17. Plaintiff's Trademark Registration is now incontestable under 15 U.S.C. § 1065.

18. Plaintiff advertises its services through its interactive website: https://www.prnhealthservices.com/

### Defendants' infringing activities

19. Defendant's uses Defendant's Mark in connection with healthcare staffing agency services ("Defendant's Services").

20. Defendant advertises its services using its interactive website: staffprn.com.

21. Upon information and belief, Defendant first started using Defendant's Mark in 2017.

4

22. Defendant was not using Defendant's Mark prior to February 28, 2001.

**Initial steps to remedy infringement**

23. On December 6, 2021, Plaintiff sent Defendant a cease-and-desist letter ("Plaintiff's Letter") by email and courier, attached hereto as Exhibit 2.

24. In Plaintiff's Letter, Plaintiff advised the Defendant of Plaintiff's Trademark Registration.

25. In Plaintiff's Letter, Plaintiff advised Defendant of a likelihood of confusion between Plaintiff's PRN Mark and Defendant's Mark.

26. Plaintiff's Letter requested that Defendant promptly initiate steps to discontinue use of Defendant's Mark and any PRN-formative mark in connection with healthcare staffing agency and related services.

27. Plaintiff's Letter asked Defendant to let Plaintiff's counsel know if they believed they had a legally sufficient justification for using the infringing marks.

28. Defendant did not respond to Plaintiff's Letter.

29. Plaintiff sent Defendant follow up correspondence on June 10, 2022, and June 26, 2024, attached hereto as Exhibits 3 and 4, respectively.

30. Defendant also did not respond to Plaintiff's follow up correspondence.

31. Despite receiving Plaintiff's Letter and follow up correspondence, Defendant continues to use Defendant's Mark.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

32. Plaintiff restates all of its allegations detailed above.

33. Plaintiff's PRN Mark is inherently distinctive as evidenced by Plaintiff's Trademark Registration, which is now incontestable.

34. Plaintiff PRN Mark has priority over Defendant's Mark.

35. Plaintiff's PRN Mark is similar to Defendant's Mark.

36. Defendant's Mark contains Plaintiff's PRN Mark, and PRN in Defendant's Mark dominates the consumer's focus given that "Staff" is generic for healthcare staffing agency services.

37. Plaintiff's Services are similar or highly related to Defendant's Services.

38. Plaintiff and Defendant utilize similar marketing channels, notably both market their services using an interactive website accessible nationwide through the world wide web.

39. As a result, Defendant's use of Defendant's Mark in connection with Defendant's Services is likely to cause consumer confusion with Plaintiff's PRN Mark.

40. Unfortunately, Defendant continues to use Defendant's Mark in connection with Defendant's Services despite having notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and the likelihood of consumer confusion with Plaintiff's PRN Mark.

41. Defendant continues its infringing activities despite receipt of Plaintiff's Letter.

42. Defendant's actions are likely to mislead the public into concluding that Defendant's Services originate with or are authorized by Plaintiff, which will damage both the Plaintiff and the public.

43. Plaintiff has no control over the quality of services sold by Defendant and because of the source confusion caused by Defendant's use of Defendant's Mark, Plaintiff has lost control over its valuable goodwill.

44. Defendant's unauthorized use of Defendant's Mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

45. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits

and goodwill, and Defendant has and will continue to unfairly acquire income, profits and goodwill.

46. Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

47. Plaintiff restates all its allegations detailed above.

48. Plaintiff has common law rights in the mark "PRN" for the provision of healthcare staffing agency and related services, including temporary nursing services as Plaintiff was the first to use the mark in interstate commerce in the United States and in this judicial district.

49. Defendant's unauthorized marketing and sale of its services in interstate commerce using Defendant's Mark constitutes use of a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Services by Plaintiff.

50. Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

51. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits and goodwill.

52. Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's registered PRN Mark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1).

B. Entering a judgment that Defendant's use of Defendant's Mark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

C. Permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the PRN Mark with or without an accompanying logo or any other designation, alone or combined with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute or identify Defendant's Services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's PRN Mark.

D.    Under 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

E.    Under 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation.

F.    Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition under 15 U.S.C. § 1117.

G.    Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made because of its infringing actions under 15 U.S.C. § 1117.

H.    Awarding Plaintiff its attorney's fees under 15 U.S.C. § 1117.

I.    Awarding Plaintiff its costs under 15 U.S.C. § 1117.

///

///

///

1　　　　J.　　Granting Plaintiff such other and further relief as the Court may deem
2　just.

4　　　　　　　　　　　　　　　　　　　　Respectfully submitted,
5　　　　　　　　　　　　　　　　　　　　CISLO & THOMAS LLP

7　Dated: November 21, 2024　　　By:　/Daniel M. Cislo/
　　　　　　　　　　　　　　　　　　　　Daniel M. Cislo, Esq.
8　　　　　　　　　　　　　　　　　　　　David B. Sandelands, Esq.

9　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　PRN Health Services, LLC

11　　　　　　　　　　　　　　　　　　　.

# DEMAND FOR JURY TRIAL

Plaintiff PRN Health Service, LLC. hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: November 21, 2024     By:   /Daniel M. Cislo/
                                   Daniel M. Cislo, Esq.
                                   David B. Sandelands, Esq.

                                   Attorneys for Plaintiff
                                   PRN Health Services, LLC