UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02560-DOC-DFM                                Date:  February 27, 2025

Title: PRN Health Services LLC v. Sublime Health Solutions, LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [28]**

Before the Court is Plaintiff PRN Health Services LLC's ("Plaintiff") Motion for Default Judgment ("Motion") (Dkt. 28) against Defendant Sublime Health Solutions, LLC ("Defendant"). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering all relevant filings, the Court **GRANTS** the Motion for Default Judgment and **VACATES** the hearing scheduled for March 17, 2025. Plaintiff is **ORDERED** to file their Motion for Attorney's Fees and Costs by **March 7, 2025 at 5:00 p.m.**

**I.    Background**

   **A.    Facts**

The following facts are drawn from Plaintiff's Complaint ("Complaint") (Dkt. 1). Plaintiff is a limited liability company organized and existing under the laws of the state of Wisconsin with its principal place of business located in Appleton, Wisconsin. Compl. ¶ 7. Defendant is a limited liability company organized and existing under the laws of the state of California with its principal place of business located at 2414 S Fairview St., Suite 215, Santa Ana, CA 92704. Compl. ¶ 8.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02560-DOC-DFM                                      Date: February 27, 2025

                                                                                                        Page 2

Plaintiff offers healthcare agency placement services. Compl. ¶ 15. Plaintiff is the owner of the PRN Mark and has been since June 14, 1983. Compl. ¶ 16. Plaintiff advertises its services through its interactive website: https://www.prnhealthservices.com/. Compl. ¶ 17. Plaintiff alleges it has used its PRN Mark in connection with these services, including temporary nursing services, for decades. Compl. ¶ 1. Plaintiff alleges that its PRN Mark is inherently distinctive. Compl. ¶ 33. Plaintiff additionally alleges they own common-law rights for the provision of healthcare staffing agency and relating services, including temporary nursing services, in the United States and under this jurisdiction. Compl. ¶ 48.

Plaintiff contends that Defendant uses Defendant's Mark in connection with healthcare staffing agency services. Compl. ¶ 19. Plaintiff additionally alleges that Defendant utilizes similar marketing channels as Plaintiff, notably the use of interactive accessible nationwide websites. Compl. ¶ 38. Plaintiff contends that Defendant advertises its services using its interactive website: staffprn.com. Compl. ¶ 24. Plaintiff alleges that Defendant used Defendant's Mark in 2017, and was not using it prior to February 28, 2001. Compl. ¶¶ 21,22. Additionally, Plaintiff alleges that Plaintiff has priority over Defendant's Mark, that Plaintiff's Mark is similar to Defendant's Mark, and that Defendant's Mark contains Plaintiff's PR Mark. Compl. ¶¶ 34-36.

Plaintiff contends that Defendant's actions are likely to mislead the public in that Defendant's Services originate with or are authorized by Plaintiff. Compl. 42. Additionally, Plaintiff alleges that Plaintiff has lost control over its valuable goodwill because it has no control over the quality of services sold by Defendant. Compl. ¶ 43. As a result of this Defendant's alleged trademark infringement, Plaintiff claims that it has suffered and will continue to suffer irreparable loss of income, profits, and goodwill. Compl. ¶ 45.

Plaintiff provided to the Court three letters that they allegedly sent to Defendants, requesting they cease the use of PRN on the website in connection with healthcare staffing services. Compl., Exhibits A, B, C. Plaintiff sent Defendant these letters notifying the Defendant of Plaintiff's Trademark Registration, the "likelihood of confusion between Plaintiff's PRN Mark and Defendant's Mark," and demanded Defendant cease and desist the use of the mark and any PRN-formative mark in connection with healthcare staffing agency and related services. Compl. ¶¶ 23-27. Plaintiff alleges Defendant never responded to Plaintiff's Letter, nor any of Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02560-DOC-DFM   Date: February 27, 2025

Page 3

follow up letters, and still has not ceased or desisted the use of the mark. Compl. ¶ ¶ 28-31.

Plaintiff's Complaint alleges two causes of action: (1) trademark infringement of Plaintiff's registered marks and (2) false designation of origin and unfair competition. *See generally* Compl.

Plaintiff now requests a permanent injunction, damages, all profits received by Defendant from sales and revenues of any kind made because of its infringing actions, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, the destruction of any material bearing the infringing designation, and reasonable attorney's fees and costs. *See generally* Motion.

### B. Procedural History

On November 11, 2024, Plaintiff filed the Complaint (Dkt. 1). On November 25, 2024, Plaintiff served Defendant with Complaint and Summons (Dkt. 13). Plaintiff filed a Request for the clerk to enter default against Defendant (Dkt. 23) on January 3, 2025, which was granted (Dkt. 27) on January 13, 2025. On January 17, 2025, Plaintiff filed the instant Motion with this Court asking for Default Judgment ("Motion")(Dkt. 28).

## II. Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02560-DOC-DFM  Date: February 27, 2025

Page 4

When deciding whether to enter default judgment, courts consider seven factors:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

#### A. Procedural Requirement

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiff requested and received an entry of default against Defendant. (Dkts. 27-28). Because Defendant has not appeared personally or by a representative, Defendant did not need to be served per F.R.C.P. 55(b)(2). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion.

#### B. *Eitel* Factors

##### 1. The Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id*. Plaintiff argues that a judicial resolution may never occur without default judgment. Presumably, the infringement will also continue without a judgment. Accordingly, the Court finds that this factor weighs in favor of default judgment.

##### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02560-DOC-DFMDate: February 27, 2025

Page 5

complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff's Complaint and Motion include facts sufficient to establish that Defendant is liable for trademark infringement under 15 U.S.C. §§ 1114, 1125(a)(1)(A) and Federal False Designation of Origin and Unfair Competition laws under 15 U.S.C. § 1125. Plaintiff trademarked the mark at issue and provided evidence of that trademark registration (Dkt. 1, Exhibit A). This evidence establishes facts sufficient to establish that Defendant is liable for trademark infringement under California Unfair Competition and common law unfair-competition.

Therefore, the second and third *Eitel* factors weigh in favor of granting the Motion.

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. This requires the court to assess whether the recovery sought is proportional to the harm caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. 04-cv-2559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiff seeks monetary damages including all damages it sustained as a result of Defendant's acts of infringement and unfair competition and all profits received by Defendant from sales and revenues of any kind made because of its infringing actions under 15 U.S.C. § 1117. *See* Motion at 10. However, Plaintiff has failed to provide an estimate of sales and attorney's fees and costs. The Court lacks sufficient information to evaluate the proportionality and reasonableness of the requested relief and cannot determine whether the sum of money at stake is too large or unreasonable without this information. Without such information, awarding the sum of money requested would be inappropriate and arbitrary. Therefore, this factor weighs against granting the Motion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02560-DOC-DFM　　　　　　　　　　　　　　Date: February 27, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

### 4.　　Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff provided a well-pleaded complaint and Defendant failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### 5.　　Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant was properly served with the Complaint and the request for default. Defendant has never appeared or filed an answer or other response. Court therefore finds that the possibility of excusable neglect is low.

### 6.　　Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02560-DOC-DFM                                    Date: February 27, 2025

Page 7

*Id.* ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Since Defendant has not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

Given the ongoing infringement of Plaintiff's trademark and the strong interest in deterring infringement, the seventh *Eitel* factor weighs in favor of granting default judgment against the Defendant.

### C. Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

Here, Plaintiff seeks a permanent injunction to prevent any further trademark infringement. The Court finds that an injunction is warranted because it protects Plaintiff's trademark and trademarks in general. An injunction is also justified because Plaintiff's damages may be inadequate to compensate for the harm to Plaintiff's trademarks. Because Defendant has used Plaintiff's trademark without authorization, Defendant is not harmed by being prohibited from further violating the law.

The Court finds that Plaintiff has failed to provide sufficient evidence to support the requested damages and therefore declines to grant them at this time. However, the Court will grant reasonable attorneys fees and costs upon Plaintiff's submission of a properly supported Motion for Attorney's Fees and Costs in accordance with applicable law and procedural requirements.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02560-DOC-DFM | Date: February 27, 2025 |
| | Page 8 |

**IV.   Disposition**

For the foregoing reasons, the Court **GRANTS** the Motion.

Pursuant to 15 U.S.C. § 1116(a), Defendant is hereby **ENJOINED** from continuing to infringe Plaintiff's trademarks as set forth in the Complaint.

Accordingly, the hearing scheduled for March 17, 2025, is **VACATED**. Plaintiff is **ORDERED** to file their Motion for Attorney's Fees and Costs by **March 7, 2025, at 5:00 p.m.**

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |